**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

METROPOLITAN LIFE INSURANCE COMPANY,

     Plaintiff,

v.

MAUREEN KEY-DEL DUCA,

     Defendant.

## COMPLAINT

Plaintiff Metropolitan Life Insurance Company ("MetLife") states as follows for its complaint against defendant Maureen Key-Del Duca ("Key-Del Duca") in which MetLife seeks an order upholding its rescission of Individual Disability Benefits Policy No. 6 485 958 AH ("the Policy").

1.    In this action, MetLife is seeking a determination by the Court upholding MetLife's decision to rescind the Policy based on Key-Del Duca's failure to disclose material facts relating to her health history.

2.    MetLife is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, is licensed to do business in the State of Colorado, and issued the Policy.

3.    Key-Del Duca is an individual who, on information and belief, resides in Pueblo, Colorado.

4.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $ 75,000.

5.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

6.     On or about April 19, 2006, Key Del Duca completed and signed an application for disability income insurance from MetLife ("the Application").

7.     Key-Del Duca responded "No" to question 5(a) of the medical history section of the Application, which inquired whether Key-Del Duca ever had "received treatment, attention or advice for; been told that you had; or had any known indication of any disease or disorder of the heart; arteries or veins; chest pains; elevated (high) blood pressure (hypertension)?"

8.     Key-Del Duca responded "No" to question 6(a) of the medical history section of the Application, which inquired whether Key-Del Duca ever had "been advised to have any medical test or surgical operation that was not performed, or had any medical test or surgical operation performed, or gone to a hospital, doctor's office, clinic, dispensary or sanatorium for observation, examination or treatment; and this information has not been revealed by previous questions?"

9.     Key-Del Duca responded "No" to question 6(c) of the medical history section of the Application, which inquired whether Key-Del Duca ever had "persistent cough, pneumonia, chest discomfort, muscle weakness, unexplained weight loss of 10 pounds or more, swollen glands, patches in the mouth, visual disturbance, recurring diarrhea, fever, or infection?"

10. In approximately July 2006, Key-Del Duca developed pain and weakness as well as a loss of range of motion in her left forearm, wrist, and hand.

11. On or about September 7, 2006, Holly Hanson, a MetLife insurance agent, delivered the Policy to Key-Del Duca, and Key-Del Duca executed an Application Amendment ("the Application Amendment") by which Key-Del Duca indicated that her health condition had not changed and that she had not received any medical treatment since the date of the Application on April 19, 2006.

12. Based on its review of the Application, the Application Amendment, and other materials, MetLife issued the Policy with an effective date of September 1, 2006.

13. On August 29, 2007, MetLife received Key-Del Duca's claim for disability benefits under the Policy dated August 24, 2007.

14. By a letter dated September 13, 2007, MetLife acknowledged its receipt of Key-Del Duca's claim for disability benefits, and informed Key-Del Duca that it had begun the process of investigating the claim.

15. MetLife obtained copies of the records of Key-Del Duca's treating physicians as part of its review of Key-Del Duca's claim for disability benefits under the Policy.

16. MetLife's review of the medical records revealed that Key-Del Duca had been diagnosed with an aortic aneurysm, that one of her physicians had recommended a Ross procedure, and that Key-Del Duca had complained of occasional palpitations and mild edema.

17. Based on Key-Del Duca's claim form, MetLife also learned for the first time that in approximately July 2006, Key-Del Duca developed pain and weakness as well as a loss of range of motion in her left forearm, wrist, and hand, which had occurred before both Key-Del Duca's execution of the Application Amendment and the effective date of the Policy.

18. By a letter dated November 14, 2007, MetLife informed Key-Del Duca of its findings, and asked Key-Del Duca to explain why she had not disclosed her medical conditions.

19. By a letter dated December 17, 2007, Key-Del Duca responded to MetLife's inquiry, and disputed both MetLife's characterization of the evidence in the medical records and MetLife's position regarding the terms of the Policy.

20. If Key-Del Duca had disclosed in the Application the diagnosis of an aortic aneurysm and other health issues noted in the medical records, MetLife would not have issued the Policy.

21. If Key-Del Duca had disclosed in the Application Amendment the development of pain and weakness as well as a loss of range of motion in her left forearm, wrist, and hand, MetLife would not have issued the Policy.

22. By a letter dated April 30, 2008, MetLife notified Key-Del Duca of its rescission of the Policy based on Key-Del Duca's failure to disclose materials facts, informed Key-Del Duca that the Policy was null and void, and enclosed a check refunding the premiums paid by Key-Del Duca, including interest.

23. By a letter dated June 26, 2008, MetLife asked Key-Del Duca whether she intended to respond to MetLife's letter of April 30, 2008 or to negotiate the premium refund check that MetLife had enclosed with its April 30, 2008 letter.

24. By a letter dated August 1, 2008, Key-Del Duca's counsel demanded that MetLife withdraw its rescission of the Policy and approve Key-Del Duca's claim for disability benefits under the Policy.

## CLAIM FOR RELIEF
### (Declaration Upholding the Rescission of the Policy)

25. MetLife incorporates by reference the preceding allegations of the complaint.

26. Key-Del Duca concealed facts about her health history in the Application and the Application Amendment.

27. Key-Del Duca knowingly concealed the facts about her health history in the Application and the Application Amendment.

28. The facts that Key-Del Duca concealed materially affected MetLife's acceptance of the risk under the Policy.

29. MetLife would not have issued the Policy if Key-Del Duca had disclosed the diagnosis of an aortic aneurysm, the recommendation that Key-Del Duca undergo a Ross procedure, her complaints about palpitations and mild edema, and her development of pain and weakness as well as a loss of range of motion in her left forearm, wrist, and hand in the Application or the Application Amendment.

30. MetLife was ignorant of the concealed facts and is not chargeable with knowledge of the facts.

31. MetLife relied to its detriment on the concealment of fact in issuing the Policy.

32. MetLife reasonably and properly rescinded the Policy.

THEREFORE, plaintiff Metropolitan Life Insurance Company requests that the Court enter an order:

    a. Finding that MetLife reasonably and properly rescinded the Policy based on Key-Del Duca's concealment of material facts in the Application and the Application Amendment for the Policy;

    b. Finding that the Policy is null and void;

    c. Finding that MetLife has no liability under the Policy apart from the refund of the premium payment plus interest, which MetLife already provided to Key-Del Duca on April 30, 2008;

    d. Ordering Key-Del Duca to return the Policy to MetLife; and

    e. Awarding MetLife its costs and any other relief that the Court deems to be proper.

DATED this 18th day of August, 2008.

        Respectfully submitted,

        *s/Jack M. Englert. Jr.*
        Jack M. Englert, Jr.
        HOLLAND & HART LLP
        8390 East Crescent Parkway, Suite 400
        Greenwood Village, CO 80111
        (303) 290-1087

        **ATTORNEYS FOR PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY**

Plaintiff's Address:

One MetLife Plaza
27-01 Queens Plaza North
Long Island City, NY 11101-4015

3910747_1.DOC