**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-01756-RPM

METROPOLITAN LIFE INSURANCE COMPANY,

      Plaintiff/Counterdefendant,

v.

MAUREEN KEY-DEL DUCA,

      Defendant/Counterclaimant.

---

**STIPULATED PROTECTIVE ORDER**
**CONCERNING CONFIDENTIALITY OF DISCOVERY MATERIALS**

---

WHEREAS, in the course of the above-captioned action, Metropolitan Life Insurance

Company ("MetLife") and Maureen Key-Del Duca ("Key-Del Duca") (collectively, "the

Parties") may seek disclosure of information that a party or nonparty witness is required or

undertakes to disclose and that such party or nonparty witness regards as being confidential,

contains trade secrets, or contains proprietary information and;

WHEREAS, the Parties desire to establish a mechanism to protect the disclosure of

confidential and proprietary information in this matter; and

WHEREAS, the Parties desire to establish a mechanism to govern the treatment, and to

preserve the privileged or protected status of privileged materials inadvertently produced during

discovery in this matter; and

WHEREAS, the Parties hereto, through their respective counsel, have reached an

agreement governing the use, dissemination and disclosure of confidential information obtained

1

through discovery in this matter and the inadvertent disclosure of privileged material in this matter, and the Parties have agreed to the form of this Protective Order; and

WHEREAS, the court has found good cause for the entry of this Protective Order;

IT IS ORDERED THAT:

1.      The court finds that certain of the discovery materials likely to be produced in this matter may contain confidential or proprietary information, including but not limited to confidential contractual terms, proprietary pricing information, medical records, and other proprietary information.  This Confidentiality Order shall govern all "Confidential Documents," as that term is defined in paragraph 2 of this order.

2.      Scope of "Confidential" Designation.  The following information, and documents containing this information, may be designated as "Confidential" under this Confidentiality Order: confidential or proprietary information not generally known to the public, including but not limited to medical records and history, business forms, non-public financial information, confidential contractual terms, trade secrets, claims handling and disability policies and practices, proprietary instructional and training materials, and related documents.   The special treatment accorded to documents designated as "Confidential" shall reach:

a.      All documents stamped "Confidential" by the producing party prior to production;

b.      All documents or information that is subject to agreements with third parties regarding confidentiality;

c.      All other documents or information that the parties to this order designate as "Confidential";

d.      All documents or information that the court determines to be "Confidential";

e.      All information derived from such "Confidential Documents," including copies, extracts, and complete or partial summaries prepared from such documents;

f.      Any deposition transcript or exhibit, or portion thereof, that discusses or refers to information contained in the "Confidential Documents", copies, extracts or summaries; and

g.      Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the court, or any exhibit thereto, that discusses or refers to information contained in the "confidential"  documents, copies, extracts or summaries.

3.      <u>Designation of Documents as Confidential</u>.  The parties may designate certain materials that they produce as confidential by stamping the word "CONFIDENTIAL" on them in a manner designed to obscure the least amount of text as possible.  The receiving party may object in writing to that designation.  Within ten business days after an objection is made, the producing party must either produce a substitute copy that does not bear the confidential designation or state in writing that it does not agree with the objection.  Within ten business days after the producing party advises in writing that there is not an agreement, the objecting party may file a motion seeking to strike the confidentiality designation.

4.     Litigation Use Only.  All "Confidential Documents" produced in this litigation, whether by a party or non-party, and whether pursuant to the Federal Rules of Civil Procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and re-trials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

5.     Restriction on Disclosure of "Confidential" Materials.  Except with prior written consent of all parties and non-parties asserting confidential treatment and except as provided elsewhere in this Protective Order, materials designated "Confidential" and all information contained therein or derived therefrom, may not be disclosed to any person other than:

a.     Listed counsel for the parties in this action, and legal colleagues in their firms;

b.     Secretaries, paralegal assistants, and other similar employees of such counsel or of counsel's law firm who are actually assisting in the prosecution or defense of this action;

c.     Parties to this action, including representatives and agents of the Parties;

d.     Court personnel, special master, mediators, and court reporters;

e.     Actual or potential deposition or trial witnesses in this action, but only to the extent reasonably necessary to prepare such witnesses to testify in this case;

f.     Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution or defense of this action;

g.      Outside copying services; and

h.      Other persons agreed to by the parties or directed by the court.

6.      <u>Certification of Compliance</u>.  No person authorized under the terms of this Confidentiality Order to receive access to "Confidential Documents" shall be granted access to them until such person has read this Confidentiality Order and agreed in writing to be bound by it per the form attached as Exhibit "A".  Counsel of record shall maintain a list of all persons to whom that party discloses confidential information and shall retain all the executed agreements. On reasonable notice, these written agreements (Exhibit "A") shall be available for inspection by counsel for the other party.

7.      <u>Review of Own "Confidential Documents"</u>.  The restrictions of this Confidentiality Order shall not apply to parties or non-parties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "Confidential Documents".

8.      <u>Withholding and Inadvertent Production of Confidential and Privileged Documents</u>.  The parties have agreed to the following with respect to the withholding and inadvertent production of documents marked "Confidential" or privileged:

a.      If a party inadvertently produces a confidential document without a confidential designation, upon the producing party's production of a substitute copy bearing the confidential designation, all copies of the document not bearing the confidential stamp shall be returned to the producing party or destroyed.  Any objections to the confidential designation shall be handled in accordance with the provisions stated above.

b.      If a party withholds materials from production based on a claim of privilege (which, for purposes of this document, includes a claim of protection as work product), the party shall identify the materials on a privilege log by the date on which the production otherwise would be due.  For each document withheld, the privilege log shall list the document type, the document date, all authors and recipients, a general description of the document, and the privilege claimed.

c.      If a party inadvertently produces materials that the party believes in good faith to be privileged, the production shall not be deemed a waiver of the claim of privilege. Within ten business days after receiving a request for the return of inadvertently produced privileged materials, the receiving party shall either return the materials to the producing party, or move the Court for an order allowing it to retain and use the materials based on the condition that the materials are not privileged.  The materials may be retained by the receiving party until the Court rules on the motion, but until that time, the materials shall be treated as privileged.

d.      The burden of establishing that a document is confidential, privileged or protected from discovery as work product shall remain with the producing party.

9.      Notice of Breach.  It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Confidentiality Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

10.     Use of "Confidential Documents" at Depositions.  Documents designated "confidential," and all information contained therein or derived therefrom, may be used or referred to at depositions or marked as deposition exhibits, in accordance with the provisions of

this Confidentiality Order.  Any "Confidential Documents" marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits.

11.    <u>Designating Portions of Deposition Transcripts As "Confidential"</u>.  Either party to this action may, within fifteen days after receiving a deposition transcript, propose that portions of the transcript, or exhibits thereto, be designated "confidential" by so notifying the other counsel in writing. The parties must agree to the said designations. Otherwise, the document must be reviewed by the court and deemed to be "confidential" or it need not be treated as such under this Confidentiality Order. At the deposition, the parties will attempt in good faith to identify preliminarily and designate "confidential" testimony and exhibits without prejudice to their rights to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript.  Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "confidential," or by underlining the portions of the pages that are confidential and stamping such pages "confidential."  Until expiration of the fifteen day period, the entire deposition transcript, and all exhibits thereto, will be treated as "confidential" under the provisions of this Confidentiality Order.  If no party timely designates testimony or exhibits from a deposition as being "confidential," none of the deposition testimony or exhibits will be treated as confidential.  If timely "confidential" designation is made and the parties agree to such designation, the designated portions and exhibits shall be treated as "confidential" under the provisions of this Order.

12.    <u>Use of "Confidential Documents" and Papers in Filings with the Court</u>.  Any party who seeks to discuss or refer to any information contained in a document designated

"confidential" in pleadings, motions, affidavits, briefs and other papers that will be filed with the Court or attached as exhibits thereto, shall first make application to the Court by motion, with proper notice to all parties, for leave to do so.  Nothing in this Confidentiality Order shall prohibit the Court from requiring that any information contained in such document, or portion of any paper filed with the Court that discusses or refers to any such document or portion thereof, be stamped "CONFIDENTIAL" and separately filed under seal.

13.    Use of "Confidential Documents" at Trial.  Nothing in this Confidentiality Order shall limit the use of documents designated "confidential," and all information contained therein or derived therefrom, at the time of trial.  Documents designated "confidential" may be used or offered into evidence at the trial of this case provided that notice is given 20 days in advance of the beginning of trial to permit the designating party or non-party to seek additional protections or relief from the Court if desired.  Such notice shall list by Bates number the materials intended to be offered at trial.

14.    Non-Termination and Return of Documents.  The provisions of this Confidentiality Order shall continue to apply to all "Confidential Documents" and information after this action has been terminated by final judgment, settlement, or otherwise.  Upon termination of this action, including all appeals, counsel for each party shall, within 20 days of the end of the litigation:

a.    Return all "Confidential Documents" to the producing party, as well as all copies, extracts and summaries thereof; or

      b.    Certify under oath that all "Confidential Documents", as well as all copies, extracts and summaries thereof, have been destroyed.

    15.   <u>Admissions</u>.  Nothing contained in this Confidentiality Order, nor any action taken in compliance with it shall:

      a.    Operate as an admission by any party that any particular document or information is, or is not, confidential; and

      b.    Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible into evidence at the trial of this action.

    DATED: October 21st , 2009

                    BY THE COURT:

                    s/Richard P. Matsch

                    _____

                    Richard P. Matsch
                    Senior District Judge

We hereby consent to the form and entry of this Protective Order.

Consented to:

<u>s/Jack M. Englert, Jr.</u>
Jack M. Englert, Jr.
Holland & Hart
6380 S. Fiddler's Green Cir., Suite 500
Greenwood Village, CO  80111
(303) 290-1087
Attorney for Plaintiff

<u>s/Christopher R. Mosley</u>
Christopher R. Mosley
Sherman & Howard
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
(303) 297-2900
Attorney for Defendant

**EXHIBIT "A"**

1.      I, _____ , have read the Protective Order Concerning

Confidentiality of Discovery Materials entered in connection with *Metropolitan Life Ins. Co. v.*

*Key-Del Duca;*  Case No. 08-cv-1756-RPM (D. Colo.), and agree to be bound by its terms with

respect to any documents, material or information designated or marked "Confidential" that are

furnished to me as set forth in the Confidentiality Order.

2.      I further agree (a) not to disclose to anyone any documents, materials or

information marked "confidential" other than as set forth in the Confidentiality Order, and (b)

not to make any copies of any documents, materials or information marked "confidential"

furnished to me except in accordance with the Confidentiality Order.

3.      I hereby consent to venue and jurisdiction in the United States District Court for

the District of Colorado, with regard to any proceedings to enforce the terms of the

Confidentiality Order.

Dated:                                          _____

4615396_1.DOC